**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jason Allen SANDS, Defendant–
Appellant.**

**No. 11–30050.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2011.*

Filed Dec. 13, 2011.

Cyndee Peterson, USMI–Office of the U.S. Attorney, Missoula, MT, Leif Johnson, Assistant U.S. Attorney, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Andrew J. Nelson, Esquire, Assistant Federal Public Defender, Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: GUY,** McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM ***

Defendant appeals from his conviction for attempting to persuade or entice a person he believed was a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). Although defendant frames the issue on appeal as whether the denial of his motion for judgment of ac-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ralph B. Guy, Jr., Senior Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

quittal violated the Due Process Clause, the issue is more clearly defined as his contention that the government failed to prove the elements of the crime charged.

Contrary to defendant's assertions, sexual intercourse with a child is not required to establish guilt under § 2422(b), nor is the prosecution required to prove that an underage child was actually involved in the offense. *United States v. Meek*, 366 F.3d 705, 718–19 (9th Cir.2004). It is irrelevant that Montana has a specific offense of attempting sexual intercourse without consent. Under § 2422(b) the crime of attempt involves an attempt to secure the consent of the minor to engage in the criminal act. *United States v. Hofus*, 598 F.3d 1171, 1179 (9th Cir.), *cert. denied*, — U.S. ——, 131 S.Ct. 364, 178 L.Ed.2d 235 (2010).

AFFIRMED.